Sidney E. Pritz and Carl B. Pritz, surviving partners of Benjamin Pritz et al., trading as Strauss, Pritz and Company, Defendants in Error, v. Consolidated Adjustment Company, Plaintiff in Error.

## Gen. No. 19,616.

GUARANTY, § 16*—*when contract not void for indefiniteness.* Where a collection agency executed a written contract to give a client the benefit of the agency for three years in consideration of the payment of a certain sum, and also executed a written guaranty to collect from the claims intrusted to it the sum of seven hundred dollars within and under the terms of the contract or to refund the initial fee paid, reserving therein the right to continue the service until after said three years until said sum was collected, *held* that though the contract did not provide that the agency should continue the service for any definite time, the guaranty was not void for indefiniteness, but that the reserving clause merely secured to the agency a reasonable time after the lapse of three years to collect the sum guarantied, and that there was a breach of the guaranty if said sum was not collected within such time.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1913. Affirmed. Opinion filed October 13, 1914. Rehearing denied October 27, 1914.

DELEVAN B. COLE, for plaintiff in error.

MAYER, MEYER, AUSTRIAN & PLATT, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of contract in the Municipal Court, plaintiffs had judgment against defendant for $675.40 and costs, to reverse which defendant prosecutes this writ of error. The material parts of the contract between the parties are as follows:

"This certifies that Strauss, Pritz & Co. of Cincinnati, O., and assigns paid the Consolidated Adjustment Company $235 for a three year service from this date, with all benefits and privileges of its business system in its various departments, and the Consolidated Adjustment Co. agrees to promptly and faithfully prosecute any and all claims listed with it for adjustment under terms of this contract."

"GUARANTEE."

"This company agrees to recover in cash or secured net settlement, from the claims of the above client, at least $700 within and under the terms of the above contract; or to refund the initial fee paid, reserving the right to cancel the contract, refund the initial fee and surrender the claims of the above client at any time after six months from this date; or to continue such service beyond the term first in this instrument mentioned, and until said last mentioned sum shall have been so recovered, without additional cost to the above client, except commissions on adjustments effected, on said claims or any additional claims in favor of said client, which may be forwarded. * * * Cost of contract $235.00. Amount contracted for $20,000.00."

"Received of Strauss, Pritz & Co. Two Hundred and Thirty-five Dollars ($235.00) as payment in full

on a three year $20,000.00 contract and guarantee from August 4, 1904, to August 4, 1907.

CONSOLIDATED ADJUSTMENT Co.,

By T. Hopper, Treas. Mgr.''

''Dated August 4, 1904.

NOTE: This contract to be valid must have a coupon attached at time of issue which must correspond in every particular with terms of contract and guarantee and be signed by client and mailed direct to Chicago office. (The printed terms and conditions of this contract are not subject to any change or modification whatever.)''

Attached to the contract was the following coupon:

''August 4, 1904.

We have today paid your Mr. T. Hopper $235.00 for a three year service contract, and agree to pay commissions on all adjustments effected according to printed terms of contract of even date. Amount of contract, $20,000.  Contract guaranty, $700.00.  Number of contract, 28,204.

(Signed) Strauss, Pritz & Co.''

The defendant collected on the claims given to it for collection by the plaintiffs between August 4, 1904, when the contract was made, and April 26, 1911, when the suit was brought, only $24.60.  The written contract does not prescribe or specify the nature of the claims the plaintiffs were to give defendant for collection, but only requires that they shall amount to $20,000.  Hopper signed the receipt for $235 for the defendant as ''Treas. Mgr.,'' and stated to one of the plaintiffs that defendant expected plaintiffs to give to defendant what plaintiffs considered ''absolutely desperate accounts,'' and when one of the plaintiffs said that plaintiffs would give them accounts which they considered absolutely lost, Hopper replied: ''Well, give me those accounts and I will take the contract.''

From the evidence the jury might properly find that plaintiffs gave to defendant at the time the contract was made accounts amounting to more than $20,000.

August 14, 1907, after the expiration of the three

290    APPELLATE COURTS OF ILLINOIS.

Pritz et al. v. Consolidated Adjustment Co., 189 Ill. App. 287.

years' term of service provided for in the contract, defendant wrote plaintiffs that the claims given it by plaintiffs were not of the amount or character provided for in the contract, requesting that plaintiffs send other claims and notifying them that defendant had elected to continue its service to the plaintiffs until the sum guarantied should be recovered.

The contention of plaintiff in error is that under the last provision of the contract it will not be violated so long as the defendant renders service to the plaintiffs by attempting to collect the claims plaintiffs gave it for collection. If this contention can be sustained, then the guaranty to collect $700 on the claims the plaintiffs gave to defendant was not a contract to collect the money within any specified time or within a reasonable time, but only to continue the service indefinitely. Such a construction of the guaranty would make it void for uncertainty and would make the business carried on by the defendant merely a snare to defraud and deceive its clients by inducing them to enter into a contract and pay an initial fee for a guaranty that defendant would collect a certain amount on claims intrusted to it for collection, when because of certain conditions cunningly inserted in the contract in such manner as to deceive the unwary, the defendant retained the power to defeat the enforcement of the guaranty. The contract does not provide that defendant shall continue the service for any definite time, but that it may do so until the amount of the guaranty shall be recovered. This stipulation secured to the defendant a reasonable time after the lapse of three years within which to collect the amount guarantied to be collected, and after the lapse of such time there was a breach of the guaranty. We find no reversible error in the rulings of the court on questions of evidence or instructions, and we think the jury reached the proper conclusion on the evidence, and the judgment is affirmed.

*Affirmed.*